UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIERRA SHANTA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case no. 4:25-cv-00809-ACL |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Self-represented Plaintiff Kierra Shanta Martin brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. [Doc. 3]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review her complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As a result, Plaintiff's motion for appointment of counsel (Doc. 2) will be denied as moot.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

2

## The Complaint

Plaintiff[1] brings this civil action against the City of St. Louis, the Metropolitan Police Department, and police officer Luke Rasher, alleging violation of her constitutional rights under 42 U.S.C. § 1983.  [Doc. 1 at 1-3].  She identifies herself and defendants Luke Rasher and the City of St. Louis as Missouri citizens.  [*Id.* at 3-4].  She sets forth her 'Statement of Claim,' in its entirety, as follows:

1. What happened to you? Blaming me for an auto accident

2. When did it happen? 09-20-2024

3. Where did it happen?  South City St. Louis

4. What injuries did you suffer? Head back hand legs

5. What did each defendant personally do, or fail to do, to harm you?  [I]nter[n]ally blamed me for an accident.  And gave me a traffic ticket stating its my fault when coming to scene in a motor accident I was involved in.  Causing local attorney to be not able to assist me in my personal injury due to the false writing of traffic violation.

[*Id.* at 5].

---

[1] This case is one of at least ten civil actions Plaintiff has brought *pro se* and *in forma pauperis* in this Court since February 25, 2019. See *Martin v. Swearingen,* No. 4:19-cv-00314-HEA (E.D. Mo. filed Feb. 25, 2019) (dismissed May 8, 2019); *Martin v. Benett,* No. 4:19-cv-00315-SNLJ (E.D. Mo. filed Feb. 25, 2019) (dismissed Apr. 12, 2019); *Martin v. Dunne*, No. 4:19-cv-00541-HEA (E.D. Mo. filed Mar. 19, 2019) (dismissed July 10, 2019); *Martin v. Benett*, No. 4:19-cv-02933-NCC (E.D. Mo. filed Oct. 29, 2019) (dismissed Feb, 6, 2020); *Martin v. Swearingen,* No. 4:19-cv-03082-JCH (E.D. Mo. filed Nov. 12, 2019) (dismissed Nov. 13, 2019); *Martin v. Legal Servs.-E. Mo. Inc.*, No. 4:21-cv-00957-JAR (E.D. Mo. filed July 30, 2021) (dismissed Aug. 4, 2021); *Martin v. St. Louis City Fam, Ct.*, No. 4:21-cv-00958-NAB (E.D. Mo. filed July 30, 2021) (dismissed Aug. 13, 2021); *Martin v. Div. of Fam. Servs.*, No. 4:24-cv-00169-HEA (E.D. Mo. filed Jan. 31, 2024) (dismissed Feb. 2, 2024); *Martin v. Bank of America*, No. 4:24-cv-00856-RHH (E.D. Mo. filed June 20, 2024); *Martin v. St. Louis Metro. Police*, No. 4:25-cv-00086-SEP (E.D. Mo. filed Jan. 22, 2025) (dismissed Aug. 7, 2025); and *Martin v. St. Louis City Metro. Police Dep't*, No. 4:25-cv-00930-SPM (E.D. Mo. filed June 20, 2025) (dismissed July 28, 2025).

For relief, Plaintiff requests that she be able to "discard violation for traffic ticket" and that she is refunded the attorney's fees of approximately $80,000 that she spent "to get this false violations off [her] name." [*Id.* at 4-5].

## Discussion

After careful review and liberal construction of Plaintiff's Complaint, the Court finds that this case should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). The Court finds multiple fatal deficiencies with the Complaint.

First, in the allegations of the Complaint, Plaintiff makes no specific accusations against any of the three named defendants. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Plaintiff's 'Statement of Claim' does not assert that defendants City of St. Louis, the Metropolitan Police Department, and police officer Luke Rasher personally did anything to violate her civil rights.

Second, Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right

4

was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's Complaint fails to state a valid § 1983 against any of the three named defendants.

A governmental entity like defendant City of St. Louis can be sued directly under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). In this case, Plaintiff asserts no claim that the City was personally involved in or directly responsible for any violation of her rights. Nor does Plaintiff allege that any City policy, unofficial custom, or failure to train or supervise violated her rights.

Furthermore, the Complaint fails to state a claim as to defendant Metropolitan Police Department because municipal departments cannot be held liable under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments are not suable entities because they are subdivision of city government). In addition, as discussed above, the Complaint fails to state an actionable claim under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. at 690-91, against the City of St. Louis, as would be necessary to substitute the municipality as a defendant.

Finally, liberally construing the Complaint, it appears that Plaintiff is alleging that defendant police officer Luke Rasher gave her a traffic ticket for causing a September 2024 automobile accident, that she alleges that she did not cause. As a result of the ticket, Plaintiff was not able to pursue a personal injury claim. Even assuming Plaintiff's

allegations are true (as the Court must on initial review), and she received a false traffic ticket from office Rasher, these assertions do not rise to the level of a constitutional deprivation. Plaintiff has not alleged a violation of a right secured by the Constitution or laws of the United States. Plaintiff's allegations do not state a cognizable claim under § 1983. This is not the correct forum for contesting the validity of a traffic ticket.

For all these reasons, Plaintiff's case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 2] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of September, 2025.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE